Citation Nr: 1443678 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 08-10 103 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California



THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).



REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States



ATTORNEY FOR THE BOARD

K. Hughes, Counsel



INTRODUCTION

The appellant is a Veteran who served on active duty from August 1989 to July 1993. This matter is before the Board of Veterans' Appeals (Board) on appeal from a January 2007 rating decision by the San Diego, California, Department of Veterans Affairs (VA) Regional Office (RO). At his request the Veteran was scheduled for a Travel Board hearing in August 2010; he failed to appear for the hearing. In September 2011 and January 2014 the case was remanded for additional development.


FINDING OF FACT

The Veteran's service connected disabilities have been rated at least 70 percent, combined (with one disability rated at least 50 percent), throughout, and are shown to have throughout rendered him unable to maintain regular substantially gainful employment.


CONCLUSION OF LAW

The schedular criteria for a TDIU rating are met; a TDIU rating is warranted. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. § 4.16 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veterans Claims Assistance Act of 2000 (VCAA) applies to the instant claim. However, inasmuch as this decision grants the benefit sought, there is no reason to belabor the impact of the VCAA on this matter, since any notice error or duty to assist omission is harmless. 

The Veteran contends that he is unable to work due to his service-connected disabilities, primarily posttraumatic stress disorder (PTSD). His service-connected disabilities include PTSD rated 50 percent; right median neuropathy rated 30 percent; and scars of the upper back, right leg, right arm and left groin, each rated zero percent. From May 2005 (until January 2012, when the rating for PTSD was increased to 100 percent) the combined scheduler rating was 70 percent 

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. §§ 3.340, 3.341, 4.16(a).

As the Veteran's PTSD was rated at least 50 percent and his combined rating for service connected disabilities was at least 70 percent throughout, he has met the percentage requirements for a TDIU rating in 38 C.F.R. § 4.16(a). The question remaining is whether his service connected disabilities have rendered him incapable of participating in regular substantially gainful employment. 

On his October 2006 Application for Increased Compensation Based on Unemployability, VA Form 21-8940, the Veteran reported that he had completed two years (1993 - 1994) of college in a "general ed" program and enrolled at City College in an air conditioning program from 2005 - 2006 (review of the record does not show that he completed this program). His employment since October 2000 had consisted of labor and construction type of work. 

VA treatment records from 2006 to the present show treatment for anger management. These records show treatment for "intermittent explosive disorder/anger problems" and note the Veteran's history of legal problems as a result of his assaultive behavior. A February 2008 VA mental health treatment report notes that the Veteran "is a threat to others" (he had engaged in an altercation with a peer in his counseling group.) February 2008 VA mental health treatment records (and November 2007 Vocational Rehabilitation records) note that the Veteran's probationary status had been "extended three years (through 2010) due to recurring legal problems" (he threw a chair at someone in anger). A November 2010 VA treatment report notes that the Veteran's "proneness to violence (e g , fights with coworkers) also contributed to his inconsistent work history." 

Vocational rehabilitation records show that the Veteran has been suspended from the program. A May 2007 report from the Veteran's Rehabilitation Counselor notes that it is not feasible for him to return to work because of his escalating anger outbursts. The Counselor noted that the Veteran was "not stable enough to return to work, the least little thing sets him off." A September 2007 report notes that, because of "multiple angry verbal outbursts directed at the contract counselor," it was requested that "an Individual Extended Evaluation Plan (IEEP) to include anger management and posttraumatic stress disorder (PTSD) counseling" be developed with the hope "that the veteran would become feasible for vocational rehabilitation within one year." The report notes that he has a "serious employment handicap." 

A November 2007 report of VA peripheral nerves examination notes that the Veteran had "not been employed since 2004 mainly due to his problems with post-traumatic stress disorder."

A November 2007 PTSD examination report notes that the Veteran has ongoing mild-to-moderate symptoms of anxiety. The examiner opined that the Veteran is employable and "if he put his mind to it he could get a job and keep it." The examiner further opined that the Veteran's PTSD "symptoms do require continuous medications but there is only occasional decrease in work efficiency and getting along with people." 

A September 2008 VA PTSD examination report notes that the Veteran's PTSD does not result in total occupational and social impairment, it is further noted that PTSD results in deficiencies in most areas, such as judgment, thinking, family relations, work, mood and school. 

An April 2011 letter from the Veteran states that he was arrested for fighting. A March 2001 court document accompanying this letter shows that his probation was revoked and he was held in custody without bail. 

An August 2011 letter from the Veteran's counselors at Veteran's Village of San Diego notes the Veteran's history of head/traumatic brain injury and includes the opinion that "it is unadvisable for [the Veteran] to work at this time as he is still acquiring the skills he needs to be a fully functioning member of society." 

A January 2012 VA PTSD examination report includes the opinion that the Veteran's PTSD is not the cause of his "non-employability." The examiner further opined that the Veteran's "aggressive and assaultive behaviors" cause his "non-employability." 

An April 2013 VA PTSD examination report includes the opinion that the Veteran's PTSD results in total occupational and social impairment. This opinion is based on a review of the Veteran's mental health treatment history since 2005, including participation in rehabilitation programs over the last several years and "long h/o [history of] aggressive behavior." The examiner noted that the Veteran had reported losing all his friends because he had "beat them all up." 

In a VA Form 21-8940 received in November 2013 the Veteran reported a three month period in 2013 when he was employed part-time, during which time he lost a month of time at work due to illness.

The Board finds the November 2007 and September 2008 opinions to be insufficient to be dispositive, as they do not adequately reflect consideration of the Veteran's vocational rehabilitation history and VA mental health treatment records which document his anger management treatment and violent behavior. 

The Veteran's VA mental health treatment records and Vocational Rehabilitation and counseling reports reflect that he is unable to secure and maintain gainful employment as a result of his aggressive and violent behavior. The January 2012 and April 2013 VA examiners also attributed his unemployability to his history of aggressive behavior (although the January 2012 examiner differentiated the Veteran's PTSD from his "aggressive and assaultive behaviors"). 

Given the Veteran's significant disabilities (most notably PTSD and right median neuropathy secondary to stab wound) and the restricted occupational opportunities facing him due to his limited experience (his inconsistent employment history since 2000 has consisted of labor and construction) and incomplete educational background, the Board finds it reasonable to conclude that his service-connected disabilities preclude substantially gainful employment. Significantly, a service connected psychiatric disability rated 50 percent (prior to January 2012) of itself reflects there is occupational impairment. The Board has noted the Veteran's (timely self-reported) 3 month period of part-time employment. Such a brief period of part -time employment does not reflect an ability to maintain regular employment or preclude a finding that he is incapable of maintaining regular, substantially gainful employment. Resolving remaining reasonable doubt regarding degree of disability/impairment in the Veteran's favor, as required (see 38 C.F.R. § 4.3), the Board finds a TDIU rating is warranted.


ORDER

A TDIU rating is granted, subject to the regulations governing payment of monetary awards.


____________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs